IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MILES A. HOOD )
)
v. ) No. 1:13-0125
) Judge Nixon/Bryant
SOCIAL SECURITY ADMINISTRATION )

To: The Honorable John T. Nixon, Senior Judge

### REPORT AND RECOMMENDATION

Currently pending in this Social Security appeal is defendant's motion to dismiss the complaint (Docket Entry No. 14), filed on January 9, 2014. The pro se plaintiff has failed to respond to this motion. The undersigned finds the complaint subject to dismissal, and therefore recommends that defendant's motion be GRANTED.

In its supporting memorandum, defendant argues that plaintiff is attempting to relitigate a case that has already been decided by this Court, directing the Court's attention to the August 12, 2013, entry of judgment in a prior Social Security appeal filed by plaintiff Hood, case number 1:12-0126. (See Docket Entry No. 15, Exh. 1-3) However, defendant's supporting materials further show that, following the denial of his benefits application at issue in the prior case, and concurrently with the litigation of that case, plaintiff also filed a second application for benefits before the agency, on November 2, 2012. This second application for benefits was given a favorable ruling by the agency, as plaintiff was adjudged disabled effective November, 2012. Id. at Exh. 4. This determination of disability was effective February 27, 2013. Id. Plaintiff initiated the instant lawsuit on October 11, 2013,

with a one-line complaint in which he merely states that he is "[f]iling an appeal on a disability claim." (Docket Entry No. 1 at 1)

To the extent that plaintiff is attempting in this action to further litigate the claim to benefits which was finally decided against him in case number 1:12-0126, he is indeed precluded from doing so by the principles of *res judicata*, described in defendant's memorandum. To the extent that plaintiff is seeking judicial review of some displeasing component of the agency's February 2013 ruling in his favor, defendant's papers show that he has failed to exhaust administrative remedies sufficient to procure a final agency decision made after a hearing to which he was a party, which defeats this Court's jurisdiction pursuant to 42 U.S.C. § 405(g)-(h), even had plaintiff timely filed his most recent complaint in this Court. Finally, this Court's local rules establish that plaintiff's failure to respond to defendant's motion indicates his lack of opposition to the motion. L.R. 7.01(b).

For these reasons, the undersigned recommends that defendant's motion to dismiss plaintiff's complaint (Docket Entry No. 14) be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

2

Case 1:13-cv-00125    Document 16    Filed 02/18/14    Page 2 of 3 PageID #: 55

**ENTERED** this 18th day of February, 2014.


                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE